STUART v. F. G. STEWART CO. et al.

(Circuit Court, N. D. Illinois, N. D. March 14, 1898.)

TRADE-MARK—INFRINGEMENT—STUART'S DYSPEPSIA TABLETS.

The manufacture and sale in good faith by a man named Stewart of "Dr. Stewart's Dyspepsia Tablets" is not an infringement or unfair competition in respect to "Stuart's Dyspepsia Tablets," where the former are put up in packages dissimilar to those of the latter.

This was a suit in equity by Frank A. Stuart against the F. G. Stewart Company and others to enjoin alleged unfair competition in trade. The facts, as found by the master and sustained by the proof, are as follows:

"That the complainant, in the year 1891, began the manufacture and sale of a remedy for dyspepsia under the name and style of 'Stuart's Dyspepsia Tablets.' That said complainant has continued in the manufacture and sale of said remedy from 1891 to the present time, and has expended large sums in advertising said remedy in the public newspapers in nearly all the states of the Union. That in the various years during which said business has continued said complainant has expended approximately the following amounts in such advertising: 1891, $2,000; 1892, $5,000; 1893, $10,000; 1894, $15,000; 1895, $27,000; 1896, $30,000; and in 1897, between $7,000 and $8,000 a month. That until about 1894 said complainant's business was confined to mail orders, but since that date it has been practically confined to sales through wholesale drug dealers, and that such business has rapidly increased in volume, so that in the present year it amounts to from $15,000 to $20,000 a month. That the complainant's said remedy is commonly put up in an oblong rectangular box, about an inch and one half deep, two inches wide, and three inches long, of a light blue color, such as is shown in Complainant's Exhibit No. 2, the end of said box being plain; each of such boxes containing forty large tablets and twenty small tablets, the two sizes of tablets being different in composition, and said small tablets being also further inclosed in a separate envelope. All of the sides of said box (but not the ends) are practically covered with printed matter, all in black type (as appears from said Exhibit 2), and the top bears, among other things, the words 'Stuart's Dyspepsia Tablets,' and a fac simile of the signature of the complainant. Such remedy as so put up is sold at retail at fifty cents a box, but it is also put up in boxes of larger size, which sell for one dollar each. Said boxes are not sealed. That among the dealers in drugs the name 'Stuart's Dyspepsia Tablets' has been taken to refer to the complainant F. A. Stuart's remedy. That the defendant F. G. Stewart has been in the business of manufacturing and selling proprietary remedies since about 1878, and has been connected successively with the Stewart Healing Powder Company, the Stewart Chemical Company, and the F. G. Stewart Company; the first two being located at St. Louis, Missouri, and the last in Chicago. Said two St. Louis companies manufactured 'Stewart's Healing Powder,' 'Stewart's Stock Remedy,' and 'Stewart's Headache Cure,' but did not manufacture dyspepsia tablets. That the defendant F. G. Stewart has been engaged in the manufacture and sale of dyspepsia tablets under the name of 'Dr. Stewart's Dyspepsia Tablets' since the year 1895. That his tablets are put up in boxes about two and a half inches square, and about three-quarters of an inch in depth. That said boxes are of an indigo blue in color, and are covered with a sealed wrapper of glazed paper of the same color, as appears from the Complainant's Exhibit No. 3. On the top and bottom of said wrapper are broad circles in silver, inclosing printed matter, also in silver, and on the sides of said wrapper there is also printed matter also in silver. Inside the broad circle on the top of the box are the words in large print in silver, 'Dr. Stewart's Dyspepsia Tablets, 50c.' Defendant's box itself is less highly glazed than the wrapper, but contains the same printing in the same color and form, and is of the same indigo blue color. Both box and wrapper are shown as Complainant's Exhibit No. 3."

Smith, Shedd, Underwood & Hall, for complainant.
Lee, Lowry & Lee, for defendants.

GROSSCUP, District Judge (after stating the facts). It was settled by the supreme court in Chemical Co. v. Meyer, 139 U. S. 540, 11 Sup. Ct. 625, that words which are merely descriptive of the character, quality, or composition of an article cannot be monopolized as a trade-mark. It it evident that the words "Dyspepsia Tablets," as used on both the complainant's and defendants' boxes, are words of this character. It was also settled in that case that an ordinary surname cannot be appropriated as a trade-mark by any one person as against others of the same name, who are using it for a legitimate purpose. There is no question but the defendants are using their name for a legitimate purpose, viz. the sale of tablets said to be a remedy in cases of dyspepsia. Of course, if the defendants manifestly intended a fraud upon the complainant, and used their own name solely to carry out such purpose, an injunction would, upon the authorities, lie; but it is not contended in the case under consideration that the defendants did not, in good faith, enter upon the manufacture of these remedies. The fraud charged, if any, lies in the similarity of the defendants' advertising paraphernalia to that of the complainants. There is nothing, therefore, in the defendants' use of the words, "Dr. Stewart's Dyspepsia Tablets," that entitles the complainant to an injunction.

But these words are the only ones calculated to confuse the public through its sense of hearing. Is the similarity of appearance so close as to confuse the public through its sense of sight? The only resemblance I can detect is in color; but, though both the colors be blue, they are of such distinctive shades that no one would be deceived. I cannot conceive how any person, who has ever seen or had fixed upon his attention, the appearance of the complainant's packages, could be deceived into believing that the defendants' packages were the same. Possibly, if some one was sent to the druggist for "Stuart's Dyspepsia Tablets," and was told that they were put up in "blue packages," the druggist might impose upon him Dr. Stewart's packages. The confusion there would arise, not from similarity of appearance, but from similarity of sound in both the name and the described color; but, as already stated, the similarity of name cannot, in a case like this, avail, and I cannot think that so remote a contingency as a similarity, not of color, but of another's description of color, can be made the basis of a decree. I concur in the conclusions of the master, and a decree may be drawn overruling the exceptions, and dismissing the bill.